```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :      ECF CASE
HYON SIK LIM and YOUNG SIK MUN,          :
                                         :      05 Civ. 0116 (WCC)
                  Plaintiffs,            :
                                         :
     - against -                         :      OPINION
                                         :      AND ORDER
SALVATORE IMPELLIZZERI and BEATRIC       :
IMPELLIZZERI,                            :
                                         :
                  Defendants.            :
                                         :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

<div style="margin-left:50%">

LAW OFFICES OF YOHAN CHOI
**Attorneys for Plaintiffs**
350 Fifth Avenue, Suite #6305
New York, New York 10118

</div>

JONATHAN S. HORN, ESQ.

    Of Counsel

<div style="margin-left:50%">

MORRIS, DUFFY, ALONSO & FALEY
**Attorneys for Defendants**
Two Rector Street, 22nd Floor
New York, New York 10006

</div>

ALANA J. SZEMER, ESQ.

    Of Counsel

**Copies E-Mailed to Counsel of Record**

**CONNER, Senior D.J.:**

Plaintiffs Hyon Sik Lim and Young Sik Mun (collectively "plaintiffs") bring this personal injury action against Salvatore Impellizzeri ("Impellizzeri") and Beatric Impellizzeri (collectively "defendants"). This Court has jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. Plaintiffs now move for partial summary judgment under FED. R. CIV. P. 56 on the issue of liability. For the reasons stated herein, plaintiffs' motion is denied.

**BACKGROUND**

On April 29, 2003, Lim and Impellizzeri were involved in a car accident at the intersection of Route 303 and Kings Highway in Orangetown, New York. (Pls. Rule 56.1 Stmt. ¶ 2.)[1] Route 303 is a four-lane road with two northbound and two southbound lanes of traffic. (*Id.* ¶ 3.) It is intersected by Kings Highway, which runs east-west. (*Id.* ¶ 5.) At the intersection, there is a stop sign controlling westbound traffic on Kings Highway, but Route 303 permits unimpeded through traffic. (*Id.* ¶¶ 5, 6.)

Lim was driving northbound on Route 303; Impellizzeri was driving westbound on Kings

---

[1] Local Rule 56.1 requires that "[t]he papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civil Rule 56.1(b). Defendants, represented by counsel, have failed to comply with this requirement. Without defendants' Rule 56.1 response papers specifically controverting the numbered paragraphs in plaintiffs' Rule 56.1 statement, plaintiffs' factual statements may be deemed admitted. *See* Local Civil Rule 56.1(c). We are mindful, however, that this rule "does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1(a) statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001).

Highway. (*Id.* ¶¶ 3, 4.) Impellizzeri approached the intersection, stopped at the stop sign and attempted to make a left-hand turn to go southbound on Route 303. (*Id.* ¶¶ 7, 8, 9; Pls. Mem. Supp. Mot. Summ. J., Ex. A.) Lim and Impellizzeri's vehicles collided in the northbound lanes of Route 303.[2] (Pls. Rule 56.1 Stmt. ¶ 10.) Lim testified that his vehicle was struck by Impellizzeri's (Lim Dep. at 13); Impellizzeri testified that Lim's vehicle struck his. (Impellizzeri Dep. at 22.) Although Lim testified that he was traveling in the right-hand northbound lane shortly before the accident (Lim Dep. at 16), Impellizzeri testified that a third vehicle was parked in the right-hand lane about twenty-five feet short of the intersection (Impellizzeri Dep. at 21, 23), which would indicate that the collision occurred in the left-hand northbound lane.

## DISCUSSION

### I. Motion for Summary Judgment Standard

Under FED. R. CIV. P. 56, summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-50 (1986). A fact is material only if, based on that fact, a reasonable jury could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248. The burden rests on the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether summary judgment is appropriate, the court resolves all ambiguities and draws all permissible factual inferences against

---

[2] The accident involved only Lim and Impellizzeri. Beatric Impellizzeri was made a party to the action as a co-owner and co-registrant of the vehicle with Salvatore Impellizzeri. (Complt. ¶¶ 7, 8.) Young Sik Mun is the wife of Lim. (*Id.* ¶ 28.) Although she was not involved in the accident, she is a party because she is seeking "loss of the services and consortium of her husband." (*Id.* ¶ 29.)

the movant. *See Anderson*, 477 U.S. at 255. To defeat summary judgment, the nonmovant must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The court's role at this stage of the litigation is not to decide issues of material fact, but to discern whether any exist. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

II.     **Genuine Issue of Material Fact**

Plaintiffs argue that Impellizzeri was in violation of New York State's Vehicle and Traffic Law § 1142(a)[3] by failing to yield the right-of-way to Lim. In support of their position, plaintiffs claim that it is undisputed that Lim had the right-of-way and that Impellizzeri, by entering the intersection without yielding, caused the accident. (Pls. Mem. Supp. Mot. Summ. J. at 2.) New York courts have permitted judgment as a matter of law when the moving party has presented "undisputed proof that the vehicle driven by the defendant . . . proceeded into an intersection, which was controlled by a stop sign, and failed to yield the right-of-way to his approaching vehicle in violation of Vehicle and Traffic Law § 1142 (a)." *Meliarenne v. Prisco*, 9 A.D.3d 353, 354, 780 N.Y.S.2d 30 (2d Dep't 2004); *see, e.g., Ali v. Tip Top Tows, Inc.*, 304 A.D.2d 683, 757 N.Y.S.2d 757 (2d Dep't 2003); *Zelaya v. Cappadona*, 294 A.D.2d 431, 741 N.Y.S.2d 920 (2d Dep't 2002);

---

[3] This statute states:

> Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop as required by section eleven hundred seventy-two and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection.

3

*Breslin v. Rudden*, 291 A.D. 2d 471, 738 N.Y.S.2d 674 (2d Dep't 2002); *Szczotka v. Adler*, 291 A.D.2d 444, 737 N.Y.S.2d 121 (2d Dep't 2002); *Bolta v. Lohan*, 242 A.D.2d 356, 661 N.Y.S.2d 286 (2d Dep't 1997). However, in these instances the non-moving party was unable to present sufficient evidence to demonstrate a triable issue of fact. *Meliarenne*, 9 A.D.3d at 354. That is not the case here.

An accident can have more than one proximate cause. *See Cox v. Nunez*, 23 A.D.3d 427, 427, 805 N.Y.S.2d 604 (2d Dep't 2005). Even a driver who has the right-of-way must use reasonable care to avoid a collision. *See id.* Specifically, defendants allege that Lim has testified that he did not see Impellizzeri's vehicle until the moment of impact, which would raise a genuine issue of material fact as to whether Lim was using reasonable care. (Defs. Mem. Opp. Mot. Summ. J. at 1-2.) There is also a factual dispute regarding the lane in which plaintiff was traveling at the time of the accident; if, as Impellizzeri testified, Lim was in the left-hand lane, passing another vehicle stopped in the right-hand lane, this would have impaired his ability to see a vehicle entering the intersection from his right and thus required heightened vigilance. (*Id.* at 2.) Thus, regardless of whether or not Impellizzeri failed to yield the right-of-way, there is still a triable issue with respect to whether or not Lim used reasonable care to avoid the collision. Indeed, defendants, in their answer, have raised the affirmative defense of comparative negligence. (Defs. Mem. Opp. Mot. Summ. J., Ex. C.)

## CONCLUSION

For all of the foregoing reasons, the motion of plaintiffs Hyon Sik Lim and Young Sik Mun for partial summary judgment is denied.

SO ORDERED.

Dated: White Plains, New York
       March 28, 2006

*[signature]*
Sr. United States District Judge